U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 23 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RODNEY B. JONES | CIVIL ACTION NO. 06-1282-p |
| versus | JUDGE WALTER |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## ORDER

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment** filed by Brian Tucker (Doc. 35) is **denied** and that the **Motion to Dismiss** (Doc. 42) filed by the other defendants also is **denied**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this the _18_ day of _July_, 2007.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RODNEY B. JONES          CIVIL ACTION NO.: 06-1282-P

versus          JUDGE WALTER

RICHARD STALDER, ET AL          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' WRITTEN OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

MAY IT PLEASE THE COURT:

    Defendants' memorandums unfairly trivialize Plaintiff's § 1983 Complaint. If the court were to define a prisoner's right to reasonable safety as narrowly as the Defendants urge, then it would be constitutionally permissible for prison officials to consciously ignore prisoners who are being continuously mauled by black bears or alligators because: "(n)o federal court has ever found that prison officials owe inmates a duty to protect them from animals on prison grounds". (Defendants' Memorandum In Support of (their) 12(b)(6) Motion to Dismiss, P. 6).

Perhaps the instant case is precisely the type of case that our Supreme Court envisaged when it instructed that:

> "(F)or a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is <u>NOT</u> to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful... (because)... a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question <u>even though the very action in question has not previously been held unlawful</u>".

<u>Hope v. Pelzer</u>, 536 U.S. 730, 739 & 741 (2002)(Emphasis added)

As early as at least 1993, decisional law held that allowing prisoners to be "attack(ed)" by rodents" is barbarous to the standards of our comtemporary society". <u>Walton v. Fairman</u>, 836 F. Supp. 513, 515 (N.D. Ill. 1993). Again, there is no difference between being attacked by rats or feral cats because both are well known carriers of rabies.

-2-

Moreover, the Defendants imposed the duty on themselves to protect Plaintiff from the feral cats when they promulgated Inmate Posted Policy #34; and they were deliberately indifferent to Plaintiff's health and safety when they consciously refused to enforce it.

Nevertheless, Plaintiff reminds the court that the Defendants have specifically invoked the provisions of Federal Civil Rule 12 (b)(6). Therefore the Magistrate correctly concluded that: "(T)he right to reasonable safety is sufficiently clear that a reasonable official would understand that, <u>in the circumstances alleged by Plaintiff</u>, ... the right would be violated". (<u>Magistrate's Report and Recommendation, p. 7</u>)(Emphasis added).

For the reasons stated herein and in Plaintiff's Memorandum In Opposition, the court should adopt the Magistrate's Report as its own and deny the Defendants' 12(b)(6) Motion to Dismiss.


Respectfully submitted this <u>12th</u> day of July, 2007.

/s/ *[signature]*

Rodney B. Jones #305669
DWCC N5
670 Bell Hill Road
Homer, LA 71040-2150

-3-

## CERTIFIACATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum In Opposition to Defendents' Written Objections... has this day been duly served, by U.S. Mail, first class postage prepaid, on: Ms Krystil A. Garrett, Assistent Attorney General, 330 Marshall Street, #TT7, Shreveport, Louisiana 71101.

Homer, Louisiana, this ~~12th~~ 13th day of July, 2007.

Rodney B. Jones #305669

-4-

July 12, 2007

Mr. Rodney B. Jones #305669
DWCC N5
670 Bell Hill Rd.
Homer, LA 71040

Hon. Donald E. Walter
Judge, United States Dist. Court
300 Fannin Street, Suite #4200
Shreveport, LA 71101

RE: JONES v. STALDER, #06-1282-P

Dear Judge Walter:

I am the plaintiff in the above referenced matter. Enclosed is a courtesy copy of my "Memorandum In Opposition to Defendants' Written Objections...".

respectfully yours,

[signature]

cc: RBJ